IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT D. FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:08-cv-155 |
| v. ) | |
| ) | Judge Wiseman |
| CITY OF MT. JULIET, TENNESSEE, ) | Magistrate Judge Griffin |
| LINDA ELAM, as Mayor of the City of ) | |
| Mt. Juliet and individually, and ) | Jury Demand |
| SHEILA LUCKETT, officially and ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENAS AND/OR
FOR A PROTECTIVE ORDER AND FOR EXPEDITED HEARING**

Pursuant to Federal Rules of Civil Procedure 45(c)(3) and 26(c)(1)(A), Plaintiff Robert D. Franklin has moved the Court for an order quashing the two non-party subpoenas *duces tecum* attached to his motion and issued by counsel for Defendants City of Mt. Juliet, Tennessee, and Sheila Luckett on January 22, 2009, to Plaintiff's current employer and to one of his past employers for whom he last worked 17 to 32 years ago (from 1977 to 1992), and/or for a protective order requiring Defendants to notify the recipients of the subpoenas that they should not produce any documents until further notice and, if Defendants have already received any documents pursuant to the subpoenas, they should not inspect them until the Court has ruled on this motion.

Plaintiff has further moved for an expedited hearing on his motion as it raises time sensitive issues and Defendants have already served the subpoenas without providing Plaintiff's counsel any advance notice of their intent to do so as required by Rule 45(b).

## INTRODUCTION

Plaintiff filed this case on February 15, 2008, contending that Defendants terminated his prior employment as City Planner for the City of Mt. Juliet in retaliation for his engaging in speech activity on matters of public concern and refusing to remain silent about illegal activity. (Docket No. 1). The parties have submitted responses to interrogatories and document requests and exchanged written and electronic discovery. Plaintiff has already produced income tax information to Defendants and other information relating to his claims for damages. Defendants have no valid reason for seeking the breadth of information they have requested from Plaintiff's current employer, the City of Lakewood, Tennessee, and from one of his former employers, United Parcel Service, for whom he worked from 1977 to 1992. Rather, Defendants are engaging in a "fishing expedition" simply to "see what may be out there" about Plaintiff.

On January 22, 2009, without providing any advance notice to Plaintiff's counsel, Defendants issued broad subpoenas *duces tecum* to Plaintiff's current employer and to one of his former employer for whom he worked from 1977 to 1992. (Ex. 1 to Motion). In the subpoenas Defendants command the non-party entities to produce the following information about Plaintiff: "A true and exact copy of the complete personnel file of Robert D. Franklin (SSN: xxx-xx-1778), including but not limited to payroll records and application for employment." (Id.). Other than excluding any medical records, the subpoenas have no limit to the information demanded, as long as it relates or refers to Plaintiff, and includes anything in any personnel file other than medical records relating to him. Thus, Defendant's subpoenas broadly seek information that is not relevant to the claims and defenses in this action. The subpoenas are overbroad, unduly burdensome, unnecessary, not reasonably calculated to lead to the discovery of admissible evidence, and seek personal information that is unrelated to this action.

2

Accordingly, the Court should quash the subpoenas or issue the protective order that Plaintiff has requested.

## ARGUMENT

### I. Defendant Failed to Comply with Rule 45(b)(1)

As an initial matter, the Court should quash the subpoenas because Defendants did not comply with Rule 45(b)(1) and provide the required notice to Plaintiff's counsel prior to serving its subpoenas. The rule provides, in pertinent part, that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things . . . *then before it is served*, a notice must be served on each party." Fed. R. Civ. P. 45(b)(1) (emphasis added). Here, Defendants provided Plaintiff's counsel no notice that they were going to serve the subpoenas at issue "before [they were] served." Thus, Defendants did not comply with the procedure set forth in Rule 45(b)(1). The Court should summarily quash their subpoenas on this ground alone and direct Defendants to notify the recipients of the subpoenas not to respond until further notice.

### II. Defendant's Subpoenas Are Overbroad, Seek Irrelevant Information, Are Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence, and Are Harassing and Otherwise Inappropriate

The scope of discovery under Rules 26 and 45 is the same. *See Barrington v. Mortage IT, Inc.*, 2007 U.S. Dist. LEXIS 90555 (S.D. Fla. Dec. 10, 2007) (quashing employment records subpoenas) and authority cited therein; Adv. Comm. Note to 1970 Am. Rule 45(d)(1); 9A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure*, § 2459 (2d ed. 1995).[1] Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Further,

---

[1] All unreported decisions cited herein are attached hereto.

"[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Rule 26(c) authorizes the Court to limit discovery upon motion and for good cause shown to protect a party from annoyance, embarrassment or oppression, among other things. The rule provides, in pertinent part:

> Upon motion by a party . . . for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had;
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters.

Fed. R. Civ. P. 26(c). Thus, the Court may direct a party to refrain from issuing discovery or quash a pending subpoena where the subpoena seeks information that is not relevant, is not likely to lead to the discovery of admissible evidence, or would cause a person annoyance, embarrassment, oppression or undue burden. The Court may also direct other methods of obtaining the information sought where it is within the permissible scope of discovery. *See Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998) (approving of balance struck between party's "right to discovery with the need to prevent 'fishing expeditions.'"); *Blum v. Schlegel*, 150 F.R.D. 38, 39 (W.D.N.Y. 1993) ("even though the standard for relevancy for discovery purposes is a liberal one, . . . the parties should not be permitted to roam in the shadow zones of

relevancy to explore matter which does not presently appear germane on the theory that it might conceivably become so.").

Here, the information requested by Defendants is overbroad, not relevant, and will not lead to the discovery of admissible evidence on the claims or defenses asserted. Defendants' subpoenas are unnecessary, violate Plaintiff's privacy interests, and are harassing and likely to subject Plaintiff to embarrassment, annoyance, and undue burden and interfere with his current employment. Even if the information commanded were discoverable, it may be obtained by less intrusive means.

Defendant's subpoenas are harassing toward Plaintiff in that they seek irrelevant and personal or private information about him, and alert third parties to his action of enforcing his civil rights, which could interfere with Plaintiff's current employment. Courts recognize the potential negative impact subpoenas like those issued by Defendants may have:

> Defense counsel served the subpoena in spite of being apprised of the Court's concerns about the nature of legal claims becoming known to a person's current employer and the effects of that information on a person's current and future employment prospects. . . . By issuing a subpoena, defense counsel caused plaintiff to worry about her continued employment relationship, in a manner amounting to harassment, because of the direct negative effect that disclosure of disputes with past employers can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort.

*Conrod v. Bank of New York,* 1998 U.S. Dist. LEXIS 11634 (S.D. N.Y. July 28, 1998); *Gambale v. Deutsche Bank AG*, 2003 U.S. Dist. LEXIS 27412 (S.D.N.Y. Jan. 8, 2003).[2]

Defendants' subpoenas constitute a "fishing expedition" designed to uncover any and all information about Plaintiff, save his medical information, that they may potentially use against him. *See Perry v. Best Lock Corp.*, 1999 WL 33494858, *3 (S.D. Ind. 1999) ("the subpoenas

---

[2] Courts further recognize as actionable retaliation a former employer's act of informing subsequent or prospective employers of a plaintiff's pending discrimination claim. *Veprinsky v. Fluor Daniel, Inc.*, 87 F.3d 881, 894 (7th Cir. 1996) (recognizing retaliation cause of action for defendant's act of informing plaintiff's prospective employer of his pending discrimination claim).

5

look like nothing more than a fishing expedition, or, more accurately, an exercise in swamp-dredging and muck-raking."). Plaintiff's current employment performance at his new job, and any discipline, absences, and the other information requested by Defendants is irrelevant to his claims or his damages in this case. Thus, the records sought in the subpoenas are overbroad and not relevant. *See Maxwell v. Health Ctr. Of Lake City, Inc.*, 2006 U.S. Dist. LEXIS 36774 (M.D. Fla. June 6, 2006) (granting motion for protective order as to employer wage records because records not relevant). Plaintiff's subsequent employment records would only relate to the issue of damages, and Plaintiff has provided Defendants with his post-employment income information and will supplement that information if necessary. All other records sought by Defendants in its subpoenas are not relevant and not likely to lead to the discovery of admissible evidence.

With respect to Plaintiff's records from UPS, where he worked from 1977 to 1992, Defendants attempt to reach so far back into the past (17 to 32 years ago) constitutes nothing more than an attempt to embarrass and harass Plaintiff. Any information from Plaintiff's personnel file with UPS from that many years ago is not relevant to any claim in this case. Plaintiff worked for several other employers in between the time he left UPS and began working for Defendant City. Accordingly, the Court should quash the subpoenas.

Courts disapprove of defendants using discovery to obtain information that would permit them to raise defenses not previously asserted or bolster alleged defenses for which there is no factual basis. In *McKennon v. Nashville Banner Pub. Co*., 513 U.S. 352, the Supreme Court acknowledged concerns that an employer may undertake extensive discovery into an employee's background to resist employment claims, and that a trial court has authority to deter any possible discovery abuses. *Id.* at 360-63. In *Maxwell v. Health Ctr. of Lake City, Inc*., 2006 U.S. Dist.

6

Case 3:08-cv-00155   Document 49   Filed 01/26/09   Page 6 of 10 PageID #: 340

LEXIS 36774 (M.D. Fla. June 6, 2006), the court rejected the defendant's attempt to conjure up

after-acquired evidence through discovery of employment records:

> Defendant argues that Plaintiff's personnel files may provide information relevant to its after-acquired evidence defense. . . . While the Supreme Court has recognized that the after-acquired evidence defense can be used in certain instances to limit damages and remedies available, it also cautioned that employers should not, as a routine matter, undertake extensive discovery into an employee's background or performance to resist claims. . . . In fact, various courts have applied the *McKennon* reasoning to hold that although the after-acquired evidence doctrine can be used to limit an employee's remedies based on evidence found during discovery, it should not be used to independently initiate discovery. *See e.g.*, *Premer v. Corestaff Services, L.P.*, 232 F.R.D. 692, 693 (M.D. Fla. 2005) (explaining that "although the after-acquired evidence doctrine provides employers a mechanism to limit an employee's remedies based on evidence found during discovery, it should not be used as an independent basis to initiate discovery"). **Rather, Defendant must have some pre-existing basis to believe that after-acquired evidence exists before it can take on additional discovery.** *See Preston v. American Express Travel Related Servs. Co., Inc.*, Case No. 3:OOcv312-J-25TJC (2001) . . . **The Court finds that Defendant has failed to assert any pre-existing basis for the belief that after-acquired evidence of Plaintiff's wrongdoing exists. As such, [defendant] cannot use this doctrine to initiate discovery that is otherwise not relevant.**

*Id.* at *13-14 (emphasis added). Similarly, in *Rivera v. NIBCO, Inc.*, 364 F.3d 1057 (9th Cir.

2004), the court rejected the defendant's attempt to take depositions of others simply to search

for evidence to establish an alleged after-acquired evidence defense:

> District courts need not condone the use of discovery to engage in "fishing expeditions." *See, e.g., Exxon Corp. v. Crosby-Mississippi Resources, Ltd.*, 40 F.3d 1474, 1487 (5th Cir. 1995). Accordingly, *McKennon* authorizes district courts to invoke the Federal Rules of Civil Procedure when necessary to prevent employers from using the discovery process to engage in wholesale searches for evidence that might serve to limit its damages for its wrongful conduct. The magistrate judge straightforwardly applied these principles in fashioning the protective order. Given the substantial risk of chilling the plaintiffs' rights, and the fact that all parties had already stipulated that the plaintiffs are members of a protected class under Title VII, the district court appropriately used Rule 26(c) to preclude discovery that might otherwise have allowed the employer to evade liability under Title VII. . . .
>
> Moreover, we note that before an employer may use "after-acquired evidence," it must meet its burden of showing that, had it been aware of that evidence, it would have forthwith discharged the employee. *See O'Day*, 79 F.3d at 758-59. . . .

> Yet district courts have the discretion to structure depositions and interrogatories in ways that balance the defendant's need to obtain evidence of possible misconduct relevant only to remedies with the burdens the plaintiffs would face if such discovery took place before trial. Here, the balance the court struck was well within its discretion.

*Id.* at 1072.

The Court should not allow Defendants to use discovery to create a defense for which they have no factual basis to support. Further, information or statements contained in subsequent employment files of Plaintiff or 17 to 32 year-old files would not directly relate to any claim in this case. Any such information would be collateral and should not be admitted even for impeachment purposes. Otherwise, every statement that a party makes at any time could be the subject of discovery and used at trial. In *Chamberlain v. Farmington Savings Bank*, 2007 U.S. Dist. LEXIS 70376 (D. Conn. Sept. 25, 2007), the court rejected the defendant's justification for this type of inquiry:

> The defendant also claims that information contained in the plaintiff's prior employment records is relevant to his credibility as a witness. The defendant maintains that the records are discoverable in order to determine whether the plaintiff has been truthful about his performance history and his reasons for leaving his former positions. (D's Mem. Opp. at 5). As above, the defendant has not alleged any reason to believe that the plaintiff has misrepresented information during the course of this litigation with regard to his previous employment to substantiate such a broad search of his employment records on this ground.

*Id.* at *8-9; *Badr v. Liberty Mutual Group, Inc.*, 2007 U.S. Dist. LEXIS 73437 (D. Conn. Sept. 28, 2007) (quashing subpoena to former employer requesting "any and all" records relating to plaintiff and recognizing employee/plaintiff's privacy interest in same); *see also Franzon v. Massena Mem. Hosp.*, 189 F.R.D. 220, 222 (N.D.N.Y. 1999) (finding that defendant's discovery request for "any and all documents" without limitation overbroad); *Richmond v. UPS Service Parts Logistics*, 2002 U.S. Dist. LEXIS 7496, 2002 WL 745588 (S.D. Ind. Apr. 25, 2002) (holding discovery request for plaintiff's entire personnel file overly broad on its face and does

not comply with standard set forth in Rule 26); *Barrington v. Mortage IT, Inc.*, 2007 U.S. Dist. LEXIS 90555 (S.D. Fla. Dec. 10, 2007) (granting motion to quash subpoenas to plaintiff's former employers and recognizing privacy interests because such records contain highly personal and confidential information); *Knoll v. Amer. Telephone & Telegraph Co.*, 176 F.3d 359 (6th Cir. 1999) (personnel files confidential and private by nature); *Miller v. Federal Express Corp.*, 186 F.R.D. 376, 384 (W.D. Tenn. 1999) (court orders production of personnel files only upon compelling showing of relevance by requesting party); *Onwuka v. Fed. Ex. Corp.*, 178 F.R.D. 508 (D. Minn. 1997) (same).

Should the Court determine that any portion of the records sought by Defendants in their overbroad subpoenas is discoverable, less intrusive means are available to obtain it. Accordingly, Plaintiff requests that the Court quash Defendants' subpoenas and/or issue a protective order.

## CONCLUSION

The Court should grant Plaintiff's motion to quash and/or for a protective order to prohibit Defendants from using overbroad subpoenas to Plaintiff's subsequent employer and an employer for whom he last worked 17 to 32 years ago (1977-1992) to obtain questionable information in an unnecessary fashion. The information sought is not relevant to the claims or defenses asserted, will not lead to the discovery of admissible evidence, and imposes upon Plaintiff undue annoyance, embarrassment, and harassment. Even if the information sought were relevant, Defendants may obtain it or its equivalent through less intrusive means.

Accordingly, Plaintiff respectfully requests that the Court enter an order quashing the subpoenas attached to his motion and issued by Defendants, and/or a protective order requiring Defendants to advise the recipients of the subpoenas that no documents should be produced until

further notice, and if Defendants have already received such documents, they should not inspect them until the Court rules on this motion.

Respectfully submitted,

s/Douglas B. Janney III
Douglas B. Janney III (BPR No. 19112)
2002 Richard Jones Road
Suite B-200
Nashville, Tennessee 37215
(615) 742-5900

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that I electronically filed and served this Memorandum in Support of Motion to Quash Subpoenas and/or for a Protective Order and Expedited Hearing using the Court's CM/ECF system upon Daniel H. Rader III and Richard Lane Moore, Moore, Rader, Clift, and Fitzpatrick, P.C., P.O. Box 3347, Cookeville, Tennessee 38502 and James H. Drescher, Kevin H. Sharp, and Stacey L. Schlitz, Drescher & Sharp, P.C., 1720 West End Avenue, Suite 300, Nashville, Tennessee 37203 on January 22, 2009.

s/Douglas B. Janney III
Douglas B. Janney III